(37 Misc. Rep. 368.)

### MAXIM & GAY CO. v. SHEEHAN et al.

(Supreme Court, Special Term, New York County. March, 1902.)

INJUNCTION—ILLEGAL ACTS.

A writ of injunction will not lie to assist a company engaged in selling tips on horse races in violation of Const. art. 1, § 9, providing that no pool selling or any other kind of gambling shall be allowed within the state, to prevent its customers from reselling the tips to others at a lower price in violation of an agreement under which the tips were purchased.

Action by the Maxim & Gay Company against Jack Sheehan and others. Motion to continue injunction pendente lite denied.

Eugene Cohn and Julius Levy (Julius M. Mayer and Eugene Cohn, of counsel), for plaintiff.

George A. McDermott, for defendant Jack Sheehan.
Charles Maitland Beattie, for defendant Edward McGloin.

CLARKE, J. Plaintiff is engaged in the business of selling tips on the races. These tips are sold in sealed envelopes at $5 apiece. It advertises extensively; urges people to buy its information, so that advantageous bets may be made; purports to report the magnificent results to bettors of following its advice. As, for instance:

"$100 bet straight and place on our three-horse daily since the opening of the Saratoga meeting won $22,000. We will forfeit $1,000 to anybody who can disprove this statement. * * * You can win all the money you want if you go to the track and back our three-horse wire to-day. * * * We invite the patronage of thoroughbred sportmen only. We are sure we can make you a winner. If you are up to snuff you will have a bet down. * * * A $100 play yesterday, as directed in our three-horse wire, won $870."

It alleges that the defendants obtain the information it sells for $5 a tip, and sell it at a much lower price, notwithstanding that there is

printed on its "bulletin" the agreement that the purchaser acquires the information for his own exclusive use, and will not sell, dispose of, or disclose the same to any other person; and plaintiff prays that an injunction issue restraining them from in any manner imparting this information to any one. A court of equity is asked to lend the aid of its great writ of injunction to preserve to plaintiff its business of selling tips to gamblers on horse races. The constitution of the state, in article 1, § 9, provides:

"Nor shall any lottery or the sale of lottery tickets, pool selling, bookmaking, or any other kind of gambling hereafter be authorized or allowed within this state; and the legislature shall pass appropriate laws to prevent offenses against any of the provisions of this section."

The court of appeals said in People v. Fallon, 152 N. Y. 1, 46 N. E. 302, 37 L. R. A. 419, reviewing the statutes of 1895:

"This examination of the statutes discloses that the legislature has passed laws, the obvious purpose of which is to prevent the offenses mentioned in section 9 of article 1 of the constitution. Under the statutes thus passed, all the offenses there named are made felonies or misdemeanors, with the single exception that a person who, upon a race course and at a race authorized by chapter 570, shall make or record a bet or wager on the result of a contest taking place thereon, shall forfeit the value of the money or property so wagered, to be recovered in a civil action by the person with whom such wager is made, or by whom such property is deposited; and this penalty is made exclusive of all others, unless in certain excepted cases mentioned. * * * It is manifest that the legislature regarded acts of the character of those performed by the relator as falling within its condemnation. Hence we must assume that his acts were in conflict with the spirit and purpose of the constitution. In pursuance of its mandate the legislature has enacted a law which forbids such acts, and prescribes as a penalty that a person making a bet, or record of it, at the place and in the manner named, shall forfeit an amount equal to the value of the property or sum wagered. * * * It certainly cannot be said that this was a statute which in terms authorized any of the forbidden acts. The most that can be said is that, when the legislature passed that section of the statute, its effect was to reduce the then existing penalty or punishment for that particular offense."

It thus appears that by the provisions of the constitution, and by the statutes passed in accordance therewith, as interpreted by our highest court, betting and gaming on horse races are forbidden no less on race tracks than in pool rooms, though the penalty therefor prescribed is different for a violation in one place than in the other. The tips and advertisements of plaintiff are devised and intended as an aid to, and an incitement of, this forbidden gambling and betting; and such aids and inducements may, by bettors and gamesters, be availed of as well in pool rooms as on race tracks. This court will not lend its equitable process in aid of plaintiff in its efforts to promote and induce acts forbidden by the constitution and the law. Motion to continue injunction pendente lite denied, with $10 costs.

Motion denied, with $10 costs.